345 So.2d 759 (1977)
STATE of Florida ex rel. Abbott M. HERRING, As State Attorney for the Eighteenth Judicial Circuit of the State of Florida, Appellant,
v.
Alma C. MURDOCK and Hal Russ, Appellees.
No. 75-1270.
District Court of Appeal of Florida, Fourth District.
April 7, 1977.
*760 John C. Adkins, Asst. State Atty., Titusville, for appellant County of Brevard.
Jere E. Lober, of Lovering, Pound & Lober, Rockledge, for appellee Alma C. Murdock.
Stephen V. Rosin, Consumer Counsel, Tallahassee, and Rodney L. Tennyson, Sp. Asst. Atty. Gen., West Palm Beach, for Atty. Gen. for the State of Florida, Robert L. Shevin, as amicus.
ANSTEAD, Judge.
This is an appeal from an order dismissing a complaint filed by the State Attorney seeking injunctive relief against the appellees, Alma C. Murdock and Hal Russ, under the provisions of Part II of Chapter 501 of the Florida Statutes.
The complaint specifically relied on the authority granted in Section 501.207(1)(b) "to enjoin a supplier who ... is violating ... this part." A "supplier" is defined in Section 501.203(3), Part II, as someone involved with "consumer transactions." A "consumer transaction" is defined as:
... a sale, lease, assignment, award by chance, or other disposition of an item of goods, a consumer service, or an intangible... .[1]
The acts of the appellees sought to be enjoined consisted of the alleged false advertising for sale of real estate lots. The trial court, in granting the motion to dismiss, simply found that the sale of real estate lots did not come within the definition of a consumer transaction as set out above. We agree.
The appellant has correctly pointed out that all "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are made unlawful by Chapter 501.[2] Such broad language would appear to include real estate sales, especially in light of the legislative directive to consider decisions of the Federal Trade Commission in construing the provisions of Chapter 501.[3] However, we cannot ignore the specific language used by the legislature in Section 501.207(1)(b) restricting its application to a "supplier" as is defined in the statute itself. Perhaps the legislature intended to include real estate sales as a "consumer transaction"; but such sales are not included in the definition of "consumer transaction" explicitly stated in the act; and we cannot properly make such an addition to the definition.
We note that other provisions of Chapter 501 provide for actions against alleged violators of the act without restricting the actions to "suppliers," so the appellant is not without relief.[4] However, the complaint involved here limited the relief *761 sought to that provided in Section 501.207(1)(b); and, accordingly, the order of the trial court is affirmed.
MAGER, C.J., and ALDERMAN, J., concur.
NOTES
[1] Section 501.203(1), Florida Statutes.
[2] Section 501.204(1), Florida Statutes.
[3] Section 501.204(2), Florida Statutes.
[4] For example see Sections 501.207(1)(a) and 501.208.