353 So.2d 655 (1977)
Russell W. BLACK, Jr. and H. Eugene Walton, Appellants,
v.
DEPARTMENT OF LEGAL AFFAIRS, State of Florida, Appellee.
No. 76-1184.
District Court of Appeal of Florida, Second District.
December 28, 1977.
John L. Riley of Riley, Showe & Saltsman, St. Petersburg, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This is an action filed pursuant to the "Florida Deceptive and Unfair Trade Practices Act."
The Department of Legal Affairs brought this action against appellants Black and Walton, as individuals and as principals in a business called Central Vending, alleging certain deceptive and unfair trade practices in connection with their sales of food vending machines and/or franchises to the public. The complaint sought injunctive relief and an order for a refund of all monies secured from a Mr. and Mrs. Bumgarner and a Mr. and Mrs. Iovine, as complaining witnesses.
The final judgment appealed was entered after trial and enjoined appellants from further engaging in the sale of franchises and/or distributorships in connection with the sale of the vending machines in question without full compliance with the "Florida Deceptive and Unfair Trade Practices *656 Act." Additionally, the judgment awarded damages in favor of the complaining witnesses against appellant Black d/b/a Central Vending, appellant Walton having been found not to have any interest in the business. We affirm as to the injunctive relief granted but reverse with respect to the money judgment.
The aforesaid Unfair Trade Practices Act proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[1] Pursuant to the act, the state Department of Legal Affairs is empowered to enact rules which "prohibit with specificity" acts or practices deemed deceptive or unfair.[2] The department in fact promulgated such rules and the trial court found herein that appellants, individually, were guilty of deceptive and unfair trade practices as proscribed thereby. There is ample evidence in the record to support such a finding, so the injunction must stand.
With respect now to the money judgment, we first of all observe that the act deals with the relationship existing between a "supplier," defined to mean a "seller, lessor, assignor, or other person who regularly solicits, engages in, or enforces consumer transactions, ..." (italics ours)[3] and a consumer. A "consumer transaction" within the purview of the act is defined as "a sale, lease, assignment, award by chance, or other disposition of an item of goods ... to an individual ... that relate to a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged ... ." (Italics ours)[4] Stated otherwise, the obvious purpose of the act is to protect the unwary from being "conned" into investing in unsound, fly-by-night business ventures. We must emphasize the word "unwary," however, because of the express limitation in the aforesaid definition of "consumer transaction" which limits the business opportunity within the protection of the act to one in which the consumer "has not been previously engaged."
Subsection (3) of Section 501.207 of the act provides that in any action brought under the act "the court may make appropriate orders ... to reimburse consumers found to have been damaged .." by a violation of the act. It is this provision, obviously, under which the trial court entered the money judgment herein. The judgment sought to reimburse the complaining witnesses herein for sums previously expended by them for the purchase of food vending machines which were, in turn, sold to them pursuant to the complained-of deceptive and unfair trade practices. Necessarily, therefore, the court found that the parties entered into a prohibited "consumer transaction."
Appellants point out, however, and the appellee Department of Legal Affairs admits, that there was no showing that the complaining witnesses had not previously been engaged in the vending machine business. We think this omission was fatal. Absent a showing that the consumer was unwary, i.e., was not knowledgeable about the business opportunity involved, the transaction was not a "consumer transaction" within the protection of the act. We conclude, therefore, that while the deceptive and unfair trade practices of which appellants were found guilty are enjoinable, an order or judgment for reimbursement of funds expended by the complaining witnesses as a result thereof was unwarranted and without authority.
The other points raised on appeal either are without merit or, in view of our disposition hereof, need not be discussed.
Accordingly, the judgment appealed from insofar as it grants injunctive relief should be, and it is hereby, affirmed; but with respect to the money judgment entered herein it should be, and it is hereby, reversed *657 and the cause is remanded for the entry of an order vacating the money judgment.
Affirmed in part; reversed in part.
HOBSON, A.C.J., and OTT and DANAHY, JJ., concur.
NOTES
[1] § 501.204, Fla. Stat. (1975).
[2] § 501.205, Fla. Stat. (1975).
[3] § 501.203(3), Fla. Stat. (1975).
[4] § 501.203(1), Fla. Stat. (1975).