359 So.2d 491 (1978)
Jose A. CASAS, Appellant,
v.
Rafael ROSELL et al., Appellees.
Nos. 77-755 and 77-757.
District Court of Appeal of Florida, Third District.
May 9, 1978.
Rehearing Denied June 28, 1978.
McCormick, Bedford & Backmeyer, Miami, for appellant.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellees.
Before PEARSON and HUBBART, JJ., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
PEARSON, Judge.
The plaintiff, Jose A. Casas, appeals a final judgment for defendants Rafael Rosell and Catalina Rosell. A second appeal by Casas is taken from an order denying post-trial motions. The appeals have been consolidated in this court.
Count one of the two count complaint alleged that defendant Rafael Rosell induced plaintiff Casas to advance to Rosell the purchase price of Rosell's residence on the assurance that the Rosells would obtain a mortgage and that Rosell would repay to Casas the purchase price with the mortgage proceeds and the profits from a joint enterprise between Casas and Rosell. It was alleged that Rosell did not repay any of the purchase price. Count two alleged that Casas provided the purchase money for an apartment house but that the deed was *492 taken in the names of the Rosells. The prayer for relief in each instance was for the declaration of a "constructive or resulting trust" and additional equitable relief. Count two, also prayed for an accounting.
The Rosells filed an answer and affirmative defenses. The evidence at trial upon which the court may have based its judgment is that Casas and Rosell agreed to form a corporation to purchase and sell real estate. Rosell was a stockholder and was to work for the corporation. Rents were collected by the parties on properties owned by the corporation. Casas testified that he advanced $27,266.49 used to purchase the property described in count one of the complaint. The Rosells testified to a much smaller amount and claimed the money was a loan. Casas provided substantially all of the money used to purchase the property described in count two of the complaint. Rosell testified that the money to repay Casas was to come from their joint activities and that he, Rosell, was wrongfully excluded from those activities. With regard to the total amount of money due to Casas, Rosell admitted that he owed Casas a substantial amount, but apparently had no idea how much Casas was due.[1]
On his appeal from the final judgment, the plaintiff (Casas) urges two points: (1) that the denial of equitable relief was against the manifest weight of the evidence; and (2) that the trial court erred in failing to enter a money judgment for the plaintiff. On the appeal from the denial of his post-trial motions, the plaintiff urges that the trial court abused its discretion in denying his motion to present additional evidence.
We are unable to hold, as a matter of law, that the plaintiff was entitled to a constructive or a resulting trust. See Highland Lakes, Inc. v. Art Present Real Estate, Inc., 147 So.2d 348 (Fla.3d DCA 1962); King v. King, 111 So.2d 33 (Fla. 1959); and Davis v. Davis, 98 So.2d 777 (Fla. 1957). See also 76 Am.Jur.2d Trusts § 212.
Plaintiff's second point upon appeal of the final judgment is that the trial court erred in failing to enter a money judgment for him upon a denial of equitable relief. The complaint did not pray for a money judgment although with regard to the advances for the apartment house (count two), Casas did pray for an accounting. During the pendency of the cause, eight months before trial, the defendants filed an "Offer of Judgment Pursuant to Rule 1.442," which recited an offer of a money judgment of $8,200, with interest, for the money advanced to purchase the defendants' residence (count one).
It appears that a substantial injustice has been achieved by the defendants in that they have received the legal title free and clear to two pieces of real property for which they admit that the plaintiff has advanced substantially most, if not all, of the purchase price. The final judgment does not reveal the basis for the trial judge's decision and its res judicata effect is in no way limited. We hold that the trial judge abused his discretion in failing to proceed to a determination of the sum of money due to the plaintiff and in failing to enter a judgment for the plaintiff for that amount. See Davidson v. Lely Estates, Inc., 330 So.2d 528, 530-531 (Fla.2d DCA 1976); and Shirley v. Lake Butler Corporation, 123 So.2d 267, 272 (Fla.2d DCA 1960).
In considering the point raised in the appeal from the denial of the post-trial motions, additional portions of the record *493 must be reviewed. At the close of defendant's case, defendant put into evidence a quit claim deed recorded prior to the institution of the action wherein the plaintiff conveyed to one Aurelio Chevez his interest in the property which is the subject of count one.[2] Plaintiff did not object to the admission of the deed and rested his case without rebuttal testimony or a motion for continuance on the ground of surprise. After judgment, the plaintiff moved to reopen the case to show that the recorded deed was not delivered. In support of the motion, plaintiff filed two affidavits, one by himself as grantor and one by the alleged grantee. The motion was denied.
Plaintiff concedes that a trial judge has a wide discretion in permitting an amendment of the pleadings, see Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (Fla.2d DCA 1961), but argues that there was an abuse of discretion in the present instance because (1) the defendants did not plead lack of capacity of the plaintiff to sue, (2) the trial judge allowed the defendants to amend their answer after trial to include this defense and (3) the plaintiff was surprised by the evidence. If plaintiff's motion had been made prior to judgment, rather than three months thereafter, we would be inclined to plaintiff's view. However, because of the delay and the fact that the motion appears as an afterthought or reassessment of the case, we cannot find error. See Pinsker v. Filmore Investors Corp., 243 So.2d 165 (Fla.3d DCA 1971); Cohen v. Landow, 242 So.2d 801 (Fla.3d DCA 1971); and Houston Texas Gas & Oil Corporation v. Hoeffner, supra.
Accordingly, the judgment is affirmed in part, reversed in part and remanded. The judgment is affirmed with regard to the denial of a constructive or resulting trust and with regard to the order denying plaintiff's motion to reopen the case for further testimony on the delivery of the quit claim deed. The judgment is reversed in all other particulars. The cause is remanded for such further proceedings as the trial judge may find proper, including, if necessary, an accounting between the parties to determine the amount due the plaintiff and the entry of a judgment for the plaintiff for that amount.
Affirmed in part; reversed in part and remanded.
NOTES
[1] * * * * *
"Q. (by Mr. Morales) How much money do you owe Mr. Casas at this time?
A. Some thirty-seven, forty-one, forty-two thousand dollars.
Q. In your interrogatory you state that on the house property you owed approximately $8,000 and on the Hialeah property about $33,000. Is that still correct?
A. More or less. More or less around there.
MR. MORALES: Since he says `more or less,' your Honor, I will offer the interrogatory in evidence, No. 32, in which he said approximately $8,000, but $33,000 on the Hialeah property.
THE COURT: So it's forty-one or forty-two thousand.
MR. MORALES: Yes."
[2] The deed contained the following provision:

"The purpose of this conveyance is to transfer to the grantee all the rights of the grantor in the above premises acquired by the grantor when he purchased the above property in the name of Rafael Rosell, it being intended that Rosell was to hold the property in trust for the grantor."