LJS COMPANY, Plaintiff,

v.

Frank MARKS, Robert Koeppel, etc., et al., Defendants/Third Party Plaintiffs,

v.

AMERICAN HOME ASSURANCE CO. and Gulf Insurance Co., Third Party Defendants.

No. 77–3853–Civ–JLK.

United States District Court,
S. D. Florida.

Nov. 21, 1979.

Michael B. Small, Palm Beach, Fla., for plaintiff.

Haddad & Josephs, Miami, Fla., for defendants/third party plaintiffs.

Wicker, Smith, Blomquist, Davant, McMath, Tutan & O'Hara, Miami, Fla., for Gulf Ins. Co.

Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for American Home Assur. Co.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This matter arose upon the motion of third party defendant American Home Assurance Co. for a partial summary judgment on Count IV of the amended complaint, a count which asserts a claim under what is commonly known as Florida's "Little FTC Act." Fla.Stat. §§ 501.201–.213. The motion has been joined by all defendants and the other third party defendant.

The factual allegations of the complaint state the elements of what is commonly known as attorney malpractice. The plaintiff, L.J.S. Company, asserts that it re-

tained the defendant law firm, through one of the individual defendant lawyers, to prosecute a claim it had in state court for the unpaid balance on goods sold and delivered to Harry Rich Ceilings and Floors, Inc. The plaintiff charges that through the defendant's negligence (Count I), breach of the retainer agreement (Count III), and unfair and deceptive practice (Count IV),[1] its cause of action against Harry Rich Ceilings and Floors, Inc. was dismissed and is now time barred by the applicable statute of limitations. Federal jurisdiction is invoked on the basis of the diversity of citizenship of the parties and a prayer for $50,000 in damages.

Since jurisdiction is based on diversity of citizenship, the Court is mindful that it must apply the substantive law of Florida. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, for the purpose of determining the plaintiff's rights under Florida's "Little FTC Act," this Court must attempt to decide the issue as if it were a Florida court. In this case, Justice Frankfurter's dictum from *Guaranty Trust Co. of New York v. York* is particularly appropriate:

> [S]ince a federal court adjudicating a state-created right solely because ·of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of a right as given by the State.

326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–1470, 89 L.Ed. 2079 (1945). Of course, the Fifth Circuit has long recognized that determining precisely how a state court would decide an issue in a developing area of the law is far from simple. *See, e. g., Grey v. Hayes-Sammons Chemical Co.*, 310 F.2d 291, 294–97 (5th Cir. 1962).

The parties in this case seek to have the Court reach broad issues of state law in the course of deciding this motion. The plaintiff has alleged that the defendants violated the central provision of the "Little FTC Act":

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

Fla.Stat. § 501.204(1). The plaintiff asks this Court to hold that the attorney-client relationship squarely falls within the ambit of this provision. No Florida court has yet decided that issue although an Opinion of the Florida Attorney General asserts that the exchange of legal services for money comes within the purview of the Act. Op. Atty.Gen., 076–226, November 29, 1976. In the memorandum in support of its summary judgment motion, the third party defendant invites the Court to hold that: 1.) the Act as a whole applies only to consumer transactions which do not include the lawyer-client relationships established when corporations retain counsel; 2.) an interpretation of the Act which is compatible with the Federal FTC Act, 15 U.S.C. § 45(a)(1), requires that the Act does not cover any litigation solely in the private interest of an individual; and 3.) the Act limits the granting of attorney's fees to litigation involving a consumer transaction which does not include the type of case now before the Court.

All of the propositions asserted by the litigants present novel and interesting questions of law which have yet to be decided by the Florida courts. Weighty arguments can be marshalled for each side of these questions. However, this Court respectfully declines to engage in a sweeping discussion of the purpose, intent, and policy behind a yet little construed Florida statute. Indeed, faced with the necessity of deciding any of these fundamental questions of state law, this Court would have to give serious consideration to abstaining from this case. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) the Supreme Court noted that while abstention "is the exception, not the rule," abstention is "appropriate where there have

---

1. Count II of the amended complaint asserted gross negligence and sought punitive damages. It was dismissed in the Court's order of September 19, 1978.

been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *See also Gibson v. Jackson*, 578 F.2d 1045, 1048 (5th Cir. 1978) ("The necessity for abstention is to be determined by principled discretion not doctrinaire adherence; its application must, therefore, be decided on a case-by-case basis"); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 998–1005 (2d ed. 1973). The considerations of "judicial federalism"[2] can best be served if this Court decides this motion on grounds which require the least amount of federal judicial forecasting of state court decisions.

■ Before it could possibly reach such broad propositions as whether the attorney-client relationship constitutes "trade or commerce" under Fla.Stat. § 501.204, the Court must determine whether *this* plaintiff has been granted a private right of action to sue for damages under the "Little FTC Act." The Act contains rather specific enforcement provisions. It establishes a comprehensive system of administrative enforcement. The Florida Department of Legal Affairs is empowered to promulgate rules implementing the broad language of § 501.204. *See* Fla.Stat. § 501.205. The other separate sections detail the means the particular enforcing authority is to use in enforcing the Act. *See* Fla.Stat. §§ 501.-206–208.[3]

[4] The Act also provides that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1))." Section 501.-204(2). This reliance on interpretations of federal law has been construed as not violating the Florida delegation doctrine. *Department of Legal Affairs v. Rogers*, 329 So.2d 257 (Fla.1976). Section 5(a)(1) of the Federal Trade Commission Act has never been construed to contain a private right of action. *See e. g., Fulton v. Hecht*, 580 F.2d 1243, 1249–50 n. 2 (5th Cir. 1978); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973) (and cases cited therein). Hence it is plain that the scheme of administrative enforcement of the "Little FTC Act" precludes a private right of action unless such a right is specifically granted by the Act.

Florida's "Little FTC Act" does include an additional section captioned "Other individual remedies" which specifies a particular private cause of action. First, "anyone aggrieved by a violation [of the Act] may bring an action to obtain a *declaratory* judgment . . . and to *enjoin* a supplier." Fla.Stat. § 501.211(1) (emphasis added). This provision does not help the plaintiff at bar since L.J.S. Company seeks damages rather than declaratory or injunctive relief. Second, a *consumer* who sues under the Act, presumably under Section 501.-211(1), may also collect actual damages, attorney's fees, and court costs. Fla.Stat. § 501.211(2). *See generally* Rubin, *Rethinking State Antitrust Enforcement*, 26 U.Fla. L.Rev. 653, 737 (1974).

■ Even if this Court were to construe the plaintiff's prayer for relief as requesting first a declaratory judgment and then actual damages, the plaintiff would still have to come within the statutory limita-

---

2. The phrase "judicial federalism" comes from *Lehman Brothers v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 519 (1974), in which the Supreme Court decided that the federal appeals court should have given greater consideration to certifying a novel question of state law to the Florida Supreme Court pursuant to Rule 4.61 of the Florida Appellate Rules. The certification option is not available to this Court since Rule 4.61 only provides for certification by a federal appeals court.

3. The detail and specificity of the enforcement provisions of the "Little FTC Act" makes unnecessary any extended discussion of abstention on the issue of a private right of action for this plaintiff. Where the question of state law is not difficult and can be settled from the language of a statute on its face, it would be an abuse of the court's discretion to force litigants who have not requested abstention to bear the burden of the additional costs of such a procedure. *Cf. Lehman Brothers v. Schein*, 416 U.S. 386, 394–95, 94 S.Ct. 1741, 40 L.Ed.2d 519 (1974) (Rehnquist, J. concurring.)

tion that only consumers may obtain money judgments. The Act does not define "consumer" *per se*, but that word's meaning is manifest from the statutory definition of "consumer transaction":

> "Consumer transaction" means a sale . . . or other disposition of an item of goods, a consumer service, or an intangible *to an individual for purposes that are primarily personal, family, or household or that relate to a business opportunity that requires both his expenditure of money or property and his personal services* . . .

Fla.Stat. § 501.203(1) (emphasis added). A consumer is an "individual" who has purchased goods, services, or intangibles "for purposes that are primarily personal, family, or household" or which constitute the equivalent of a franchise. Clearly, a corporation which hires an attorney to undertake commercial litigation is not a consumer and has no private right of action for damages under Fla.Stat. § 501.211(2).

The Florida legislature has enacted a comprehensive statute in its "Little FTC Act" which contains a scheme of administrative enforcement and a specific private right of action. Where the plaintiff, as here, is neither the enforcing agency nor a proper plaintiff under the specified private right of action, this Court must dismiss the plaintiff's claim under the Act. The Florida courts have strictly construed the provisions of the Act, particularly the interpretation of "consumer transaction." *See Black v. Department of Legal Affairs*, 353 So.2d 655 (2d Dist. Fla.Ct.App.1977); *State ex rel. Herring v. Murdock*, 345 So.2d 759 (4th Dist. Fla.Ct.App.1977). For example, in *Murdock*, the state court decided that real estate transactions do not come within one enforcement provision of the Act, and noted:

> Perhaps the legislature intended to include real estate sales as a 'consumer transaction'; but such sales are not included in the definition of 'consumer transaction' explicitly stated in the act; and we cannot properly make such an addition to the definition.

345 So.2d at 760. Sitting in diversity jurisdiction, the Court must adopt this approach of the state courts in interpreting the Act. Therefore, the third party defendants and the primary defendants should be granted partial summary judgment and Count IV of the amended complaint should be dismissed.

Once again, the Court wishes to emphasize the limited nature of its holding. It merely decides that this plaintiff is not a consumer and therefore has no private right of action for damages under the "Little FTC Act." This Court does not decide that the Act covers the attorney-client relationship, nor that the attorney-client relationship is exempted from the Act. This Court does not construe the Act as a whole to be limited to consumer transactions. Nor is the question of attorney's fees under the Act reached.

It is hereby

ORDERED AND ADJUDGED that the defendants and the third-party defendants are granted partial summary judgment and Count IV of the complaint is dismissed with prejudice.