392 So.2d 976 (1981)
The DELTONA CORPORATION, Appellant,
v.
Angelo JANNOTTI and Joan Jannotti, Appellees.
No. OO-465.
District Court of Appeal of Florida, First District.
January 14, 1981.
*977 Joseph Mancilla, Jr., Miami, for appellant.
Jerry W. Gerde, of Davenport, Johnston, Harris, Gerde & Harrison, Panama City, for appellees.
PER CURIAM.
Deltona appeals a judgment of guilty of unfair and deceptive trade practices, contrary to section 501.201 et seq., Florida Statutes (Little FTC Act), regarding the sale of carpeting and sodding purchased by the Jannottis in conjunction with their purchase of a house from Appellant. The Jannottis were awarded $3200 damages for the replacement of the defective carpeting and sodding and $2500 for attorney's fees.
Deltona raised four points on appeal, and the Jannottis cross-appealed arguing that the award of attorney's fees was insufficient. We affirm the appeal and cross-appeal.
Deltona, relying on State ex rel. Herring v. Murdock, 345 So.2d 759 (Fla. 4th DCA 1977), argued that the award of attorney's fees pursuant to section 501.210, Florida Statutes was improper because the sale of a house and lot are not "consumer transactions" within the meaning of the Act. Section 501.203(1). Murdock, supra, held that the sale of raw land (real estate lots) did not come within the definition of consumer transaction found in section 501.203(1).
It is unnecessary for us to reach the question of whether the sale of a house would be a consumer transaction within the meaning of the Act. The trial judge granted Plaintiffs/Appellees' motion for summary judgment, holding that the sale of the carpeting and sodding to the Jannottis by Deltona were consumer transactions under the Act. Under the facts of this case, we find no error in granting the summary judgment.
The Jannottis, New York residents, became interested in buying a home in Florida in 1972. They purchased a lot from Deltona in September 1972 by way of an ad in the New York Daily News. In February 1973, *978 the Jannottis flew to Florida to view their lot in Deltona's Sunny Hills subdivision near Panama City. They flew down with approximately one hundred other individuals who were provided transportation from New York to Florida by Deltona for a nominal fee. Deltona provided this trip as part of its sales efforts for Sunny Hills. During this visit, the Jannottis purchased another lot in the subdivision.
The Jannottis again visited Florida in July 1973 and looked at the model homes in Sunny Hills. They purchased a home (Rosewood Model) and were assured that the carpeting and sodding of their home would be of the same quality as that of the model they viewed. They returned to New York until their new home was completed.
In September 1973, the Jannottis were contacted by Deltona's Queens Office in New York and told that the carpeting they had ordered was no longer available. They selected another carpeting from the available selections and were again assured that the carpet's quality would match that of the model.
Upon moving to Sunny Hills in July 1974, the Jannottis found that their carpeting was an inferior grade and had been improperly installed. Also their lawn had been improperly prepared and sodded. The Jannottis instituted proceedings below against Deltona for unfair and deceptive practices regarding the sale of the sodding and carpeting. At trial one of Deltona's former employees, who worked for Deltona when the Jannottis moved into their new home, testified as to the inferior grade and installation of the carpeting. A landscape expert testified as to the improper preparation of the ground and subsequent sodding.
Under these facts, we find that the purchase of the carpeting and sodding selected prior to the construction of the home, are consumer transactions within the meaning of section 501.203(1). Therefore, an award of attorney's fees was proper since the jury found Deltona guilty of unfair and deceptive trade practices. Section 501.210(1), Florida Statutes.
Deltona also argued that the diminution of value rule should have been used to calculate damages and that the trial judge erred in using the replacement cost or restoration rule. We disagree. The trial judge was correct in ruling that the replacement cost, or restoration rule, should have applied in this case. Keyes v. Shea, 372 So.2d 493 (Fla. 4th DCA 1979); Gory Associated Industries, Inc. v. Jupiter Roofing & Sheet Metal, Inc., 358 So.2d 93 (Fla. 4th DCA 1978).
In addition, Appellant argued that the jury instructions, which tracked the language of the statute on unfair and deceptive trade practices, was error because no standards were given as to what was an unfair trade practice. We find no error. The jury was entitled to find, based on the evidence adduced, that plaintiffs were the victims of a "bait and switch" operation. As an inducement to purchase, plaintiffs were shown a "Rosewood" style model home complete with carpet and sod work represented to be the same as what they would have if they bought that model. After they purchased their "Rosewood" home, the plaintiffs discovered the carpet and sod work were of substantially inferior quality to that shown at the model home. On these facts, the jury was capable of determining whether Deltona committed unfair trade practices, within the meaning of the statute, based on the instruction given.
Lastly, Deltona urges that the trial court erred in denying its motion for new trial because the verdict was against the manifest weight of the evidence. We find that there was competent substantial evidence to support the jury's verdict.
The Jannottis have shown no abuse of discretion by the trial judge in the award of attorney's fees; therefore, the award is affirmed.
MILLS, C.J., and McCORD and BOOTH, JJ., concur.