400 So.2d 1320 (1981)
Marsha Lynn TREXLER, Appellant,
v.
FIAT MOTOR COMPANY, Etc., et al., Appellee.
No. 80-1190.
District Court of Appeal of Florida, Fifth District.
July 15, 1981.
*1321 Gary Doane of Whitaker & Koepke, Orlando, for appellant.
Franklyn A. Johnson, Jr., of Smoot, Johnston & Johnston, Fort Myers, for appellees.
SHARP, Judge.
Trexler appeals that portion of an amended final judgment which denied her attorney's fees and rejected her motion to amend her complaint. The judgment was entered after a jury trial in a suit against Fiat, the automobile manufacturer, for negligence and breach of warranty involving Trexler's automobile. The jury awarded Trexler damages against Fiat, but the trial judge ruled attorney's fees could not be granted because Trexler failed to allege her entitlement to them pursuant to section 501.201 et seq., Florida Statutes (1979), the Florida Deceptive and Unfair Trade Practices Act. Trexler argues she is entitled to attorney's fees under either section 57.105[1] or 501.2105,[2] Florida Statutes (1979). We disagree and affirm.
Appellant failed to establish any abuse of the trial court's discretion in denying her motion to amend the complaint after trial was complete.[3] Even if the amendment (to specifically allege entitlement to attorney's fees) had been allowed, it would not alter the result in this case because we do not agree with the trial court that Trexler's failure to request attorney's fees in her pleadings is the controlling factor in this case. In Ocala Music and Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980), we stated that "although it is the better practice to plead attorney's fees, a party is not required to plead them where they are allowed by statute."
Neither statute cited by Trexler is an appropriate basis for an award of attorney's fees under the circumstances of this case. Section 57.105 is not applicable because sufficient justiciable issues of law and fact were presented to avoid the "frivolous" standard established by this court in Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). Trexler argues that Fiat's failure to honor an express warranty on an automobile is a "deceptive practice," pursuant to Florida Administrative Code Rule 2-19.05(7),[4] entitling her to fees. However, Rule 2-19.05 applies to "motor vehicle dealers" and Fiat was not shown by the evidence *1322 at trial to be a "dealer." See Fla. Admin. Code R. 2-19.01.[5]
Accordingly the judgment is
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 57.105, Florida Statutes (1979) provides:

The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
[2] Section 501.2105, Florida Statutes (1979) provides in part:

(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
[3] See Casas v. Rosell, 359 So.2d 491 (Fla. 3d DCA 1978); Pinsker v. Filmore Investors Corp., 243 So.2d 165 (Fla. 3d DCA 1971).
[4] Rule 2-19.05 states in pertinent part:

It shall be an unfair or deceptive act or practice for a motor vehicle dealer to:
....
(7) Fail to honor his expressed warranty agreement or any warranties implied by law as represented in the written warranty requirements of subsection (6).
[5] Rule 2-19.01(4) provides the following definition:

`Motor vehicle dealer' means every individual, corporation, partnership or other business enterprise primarily engaged in the trade or commerce of buying, selling, or exchanging new or used motor vehicles, and who hold a sales and service selling agreement from a manufacturer or distributor of motor vehicles, and who has an established place of business in the State of Florida, and who is licensed by the Department of Highway Safety and Motor Vehicles in the State of Florida.