**Anderson v. Kessler**

*Clifford B. Levine,* for plaintiffs.
*William H. Markus,* for defendants.

WETTICK, *A.J.*, May 31, 1984—In this action, plaintiffs (buyers) contend that defendants (sellers) breached a provision in a sales agreement for the sale of a house which expressly "warrant[ed] that all plumbing, heating and electrical systems are in good working order and will be delivered in same at time of settlement." In count two of their complaint, plaintiffs seek triple damages under Section 9.2 of the Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P.L. 1224, Section 9.2, as amended, 73 P.S. §201.9.2. This section permits an action to be maintained by any person "who purchases or leases goods or services" and suffers any ascertainable loss of money or property as a result of the use or employment of a method, act, or practice declared unlawful by Section 3 of the Consumer Protection Law. Under Section 3 and Section 2(4) (xiv) of the Consumer Protection Law, it is unlawful to fail to comply with the terms of any written guarantee or warranty given at, prior to, or after a contract is made "for the purchase of goods or services."

Defendants have filed preliminary objections in the nature of a demurrer to count two of plaintiffs' complaint. In these preliminary objections, defendants contend that this action may not be brought under Section 9.2 of the Consumer Protection Law because (1) plaintiffs are not persons who purchased or leased "goods or services" and (2) the Unfair Trade Practice provisions on which plaintiffs rely govern only transactions involving "goods or services." The issue raised by these preliminary ob-

jections is whether plaintiffs' breach of warranty claim arises out of the sale of "goods or services" within the meaning of Sections 2, 3, and 9.2 of the Consumer Protection Law.

On the basis of the Pennsylvania Supreme Court's construction of the Consumer Protection Law in Commonwealth v. Monumental Properties, Inc., 459 Pa. 450, 329 A.2d 812 (1974), we conclude that count two of plaintiffs' complaint states a cause of action. In Commonwealth v. Monumental Properties, Inc., supra, the Supreme Court held that the Consumer Protection Law covered unfair or deceptive practices in connection with the leasing of housing. In its opinion, the court characterized the law as remedial legislation designed to correct imbalances in the marketplace. It, therefore, concluded that a narrow and legalistic construction of its language would not reflect the legislature's intent but, rather, that an expansive reading which reached unfair and deceptive practices in all consumer transactions was required by the indicia of the legislative intent.

The court's rationale for construing the Consumer Protection Law to cover leases of real estate is equally applicable to the transaction that is the subject of this litigation. If a leasehold of real estate is covered by the Consumer Protection Law, there is no reason why guarantees given in connection with the sale of real estate should not also be covered. See Best v. Hammill Quinlan Realty Co., Inc., 18 D. & C. 3d 31 (1980) (court permitted a purchaser of real estate to sue under Section 9.2 of the Consumer Protection Law). Also see Croom v. Selig, 318 Pa. Super. 206, 464 A.2d 1303, fn. 1 (1983), in which the court expressed no opinion as to whether the Consumer Protection Law permits a private party to

bring an action for frudulent conduct suffered in buying (as opposed to leasing) realty.

In the present case, plaintiffs' claim arises out of defendants' alleged breach of their warranty to furnish plumbing, heating, and electrical systems in good working order at the time of settlement. This agreement to furnish these systems in good working order was a purchase of goods or services within the meaning of the Consumer Protection Law. In Holifield v. Coronado Building, Inc., 594 S.W.2d 214 (Texas Court of Appeals, 1980), the court held that a warranty to correct defects given in connection with the sale of a house constituted a "purchase of services" within the meaning of Texas legislation that protected consumers of "any goods or services." In Deltona Corporation v. Jannotti, 392 So. 2d 976 (Florida District Court of Appeals, 1981), in connection with the sale of a home, the seller assured the buyers that it would provide carpeting and sodding of the same quality as that of the model which the buyers viewed. The court held that the buyers' action for breach of that warranty came within the Florida Unfair Trade Practices Act by treating the seller's promises as to the carpeting and sodding as a consumer transaction separate from the sale of the house. Similarly, in Woods v. Littleton, 554 S.W. 2d 662 (Texas Supreme Court, 1977), the court characterized the breach of a promise of a seller of real estate to repair a defect as a deceptive practice arising from a separate contract for services.

For these reasons, we overrule defendants' preliminary objections.

## ORDER OF COURT

On this May 31, 1984, it is hereby ordered that defendants' preliminary objections in the nature of a demurrer as to count two of plaintiffs' complaint are overruled.