592 So.2d 1246 (1992)
Kim Pennington BOHANNON, Appellant,
v.
Cynthia Lee THOMAS and United Services Automobile Association, a Foreign Corporation, Appellees.
No. 90-2046.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Rehearing Denied March 5, 1992.
*1247 Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellees.
WARNER, Judge.
This appeal follows a jury verdict and final judgment determining that appellant was not entitled to uninsured motorist benefits because she did not sustain permanent injuries within a reasonable probability. We affirm on all issues and write only to address appellant's challenge to the wording of the jury verdict question on permanency.
Appellant's main testifying doctor was a chiropractor. Without objection he was allowed to testify that appellant was permanently injured and assigned an impairment rating based upon the AMA Guidelines of the Evaluation of Permanent Impairment. Two orthopedic surgeons testified for the appellee and concluded that appellee did not have a permanent injury. At the charge conference appellant requested that the instruction or the verdict form include a question as to whether or not the appellant sustained a permanent injury within a reasonable degree of medical or chiropractic probability. Appellant's lawyer maintained that the jury should know that chiropractors are authorized to render opinions on permanent impairment under the no-fault statute, citing Horowitz v. American Motorist Ins. Co., 343 So.2d 1305 (Fla. 2d DCA 1977). The court responded that while he did not question the right of the chiropractor to offer opinions, he did not see the need to put "chiropractic probability" on the verdict form. However, the court did instruct the appellee to refrain from arguing to the jury that there was no "medical" testimony that appellant suffered a permanent injury. Later when reviewing the jury instruction on the threshold, the appellant's lawyer did not request the inclusion of an additional instruction regarding the chiropractor's authority to testify as to permanent injuries within a reasonable medical probability nor did he object to the instructions read prior to the retirement of the jury.
Both in the motion for new trial and on appeal the appellant argues that the trial court erred in refusing to instruct the jury that appellant's injury must be based on a reasonable degree of medical or chiropractic probability and that this error requires *1248 the granting of a new trial. However, an appellate court will not set aside a verdict merely because an instruction which might have been proper is not given; the court must conclude that the jury was misled by the instructions which were used. Giordano v. Ramirez, 503 So.2d 947 (Fla. 3d DCA 1987); Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla. 1987). The first question is whether an instruction which tells the jury that it may find a permanent injury within a "chiropractic probability" is a proper instruction.
Horowitz, upon which the appellant relies, holds that a chiropractor who qualifies as an expert witness may give opinion evidence as to the permanency of injuries and that such testimony will satisfy the statutory requirement of reasonable medical probability. Nothing that the Florida Automobile Reparations Act nowhere excluded payments to chiropractors in the medical benefits payable under the act, the Horowitz court reasoned that the term "medical" related to the science of medicine of which the practice of chiropractic was a part albeit in restricted form. Id. at 1308, (citing Lowman v. Kuecker, 246 Iowa 1227, 71 N.W.3d 586 (1955)). Webster's New World Dictionary 914 (College ed. 1966) defines "medicine" as "the science and art of diagnosing, treating, curing, and preventing disease, relieving pain, and improving and preserving health." The practice of chiropractic would fit within this broad definition. But the Horowitz court did not hold that the jury should be instructed that the threshold is satisfied by a finding that the plaintiff suffered a permanent injury within a reasonable chiropractic probability.
If we were to hold that a proper jury instruction where appellant is treated by a chiropractor must include a provision that the jury could find a permanent injury within a reasonable chiropractic probability, we would be changing the statutory language. Generally, jury instructions which track statutory language are not erroneous. See Florida Patient's Compensation Fund v. Tillman, 487 So.2d 1032 (Fla. 1986); Deltona Corp. v. Jannotti, 392 So.2d 976 (Fla. 1st DCA 1981). Further, the instruction would be tantamount to the direction of a verdict in favor of the appellant. Since the jury could find either a reasonable medical or chiropractic probability, it could conclude that because a chiropractor gave unrebutted testimony (by another chiropractor) that within his area of expertise he was of the opinion that the appellant suffered a permanent injury within a reasonable chiropractic probability, then that unrebutted testimony would carry appellant's burden of proof on this issue. Thus, instead of clarifying things, allowing a dichotomy between medical or chiropractic probability would actually tend to confuse the issue.
The trial court admonished the appellee's attorney not to argue that there was no "medical" evidence of a permanent injury. The appellee's attorney heeded the instruction from the court. While he argued forcefully that the orthopedic surgeons were more believable than the chiropractor, the thrust of the argument was that the chiropractor had a vested interest in the case because of the size of his bill and his relationship with the appellant's law firm. Based upon all of the evidence the jury found no permanent impairment. Under the facts we cannot conclude that failure to give the requested charge was error or that the jury was misled by it.
Affirmed.
GLICKSTEIN, C.J., and POLEN, J., concur.