733 So.2d 1146 (1999)
WARREN TECHNOLOGY, INC. f/k/a Warren Manufacturing Co., Inc., a Florida corporation, Appellant,
v.
HINES INTERESTS LIMITED PARTNERSHIP, a Texas limited partnership, Appellee.
No. 98-2656.
District Court of Appeal of Florida, Third District.
June 16, 1999.
*1147 Krupnick Campbell Malone Roselli Buser & Slama, and Walter G. Campbell (Fort Lauderdale); Curtis & Curtis, and Edward R. Curtis, and Bruce Botsford (Fort Lauderdale), for appellant.
Kozyak Tropin & Throckmorton, and Harley S. Tropin, and David P. Milian, and Detra P. Shaw, Miami; Baker & Botts, and Allister M. Waldrop (Houston, TX), for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.
GERSTEN, J.
Warren Technology, Inc. ("plaintiff") appeals the entry of summary judgment in favor of Hines Interests Limited Partnership ("defendant") in a trade disparagement action. We affirm.
The plaintiff manufactures "Zebra" air valves which regulate air flow in air conditioning systems. These air valves were used in a specific line of air conditioners which were sold to the defendant, a developer and manager of numerous office buildings throughout the country.
The defendant experienced problems with its air conditioning units and determined that the Zebra valves were to blame. The defendant then informed its building management groups that the problems were caused by a product design flaw in the plaintiff's Zebra valves and subsequently replaced the valves with another brand.
The plaintiff, believing that the problems stemmed from shoddy installation, sought monetary damages from the defendant alleging that the defendant harmed the plaintiff's reputation by unfairly telling the building management groups that the plaintiff's product was to blame for the air conditioner failures. The plaintiff alleged that the defendant's conduct provided it with a right to monetary relief under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201-.213, Florida Statutes (1991), and pursuant to the common law prohibition against trade disparagement.
The trial court granted the defendant's motion for summary judgment on both counts finding that the plaintiff did not qualify for monetary relief under the Florida Deceptive and Unfair Trade Practices Act and that the defendant was immune from trade disparagement claims. We agree and write solely to clarify an aspect of the Florida Deceptive and Unfair Trade Practices Act.
The Florida Deceptive and Unfair Trade Practices Act contains a comprehensive *1148 administrative scheme of enforcing consumer rights and punishing those who engage in unfair trade practices. See § 501.207, Fla. Stat. (1991). The Act also permits private enforcement of its provisions under Section 501.211. This section, entitled "Other individual remedies," reads:
(1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.
(2) In any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages
. . .
The Act only permits "consumers" to bring actions seeking monetary relief.
Despite the clear language employed by the legislature, the plaintiff nonetheless contends that it is entitled to monetary relief because it is a "consumer" for purposes of the Act. The plaintiff points to the definition of a "consumer" provided in the 1993 amendments to the Act, at Section 501.203(7), to support its contention.[1]
The 1993 version of the Act, however, is inapplicable here because the cause of action accrued prior to 1993. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994); Cinghina v. Racik, 647 So.2d 289 (Fla. 4th DCA 1994). We point this out although it makes no difference which version of the Act is applied. Neither affords the plaintiff with the right to the requested relief.
The 1993 amendments did not alter Section 501.211. Both versions state that only consumers can seek monetary relief. The 1993 version differs from the previous version only in that it defines "consumer." It does so as follows:
(7) "Consumer" means an individual; child, by and through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other group or combination.
§ 501.203(7), Fla. Stat. (1993). This addition, however, simply defines who may be a "consumer;" it does nothing more.
The 1993 definition of "consumer" does not include the terms "producer" or "manufacturer," both of which may properly be used to classify the plaintiff. Thus, the plaintiff's interpretation of the term is not viable. While we agree that the plaintiff is a corporation and, therefore, could be a consumer under the 1993 version of the Act, the fact that it acted as the producer in the instant transaction precludes recovery.
Because the plaintiff is not a consumer, it cannot seek monetary relief under any version of the Florida Deceptive and Unfair Trade Practices Act. Accordingly, the judgment entered below is affirmed in all respects.
Affirmed.
NOTES
[1] The former version of the Act did not define "consumer." See § 501.203, Fla. Stat. (1991).