764 So.2d 672 (2000)
N.G.L. TRAVEL ASSOCIATES, Appellant,
v.
CELEBRITY CRUISES, INC., et al., Appellees.
Nos. 3D99-254, 3D99-253, 3D99-252 and 3D99-251.
District Court of Appeal of Florida, Third District.
May 31, 2000.
Rehearing Denied August 9, 2000.
*673 Goodkind Labaton Rudoff & Sucharow and Emily Komlossy and Peter Rachman and James W. Johnson (Ft.Lauderdale), for appellant.
Mase & Gassenheimer, Miami; Hicks & Anderson and Mark Hicks, Miami; Holland & Knight and Sanford L. Bohrer and Judith M. Mercier, Miami; Paul, Weiss, Rifkind, Wharton & Garrison and Lewis R. Clayton, Steven C. Herzog and Jeffrey A. Udell (New York City); Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Perwin, Miami, for appellees.
Before SCHWARTZ, C.J.,[*] and FLETCHER, and SORONDO, JJ.
FLETCHER, Judge.
N.G.L. Travel Associates [NGL] appeals from a final order dismissing its amended complaint with prejudice. We affirm.
NGL brought suit against Celebrity Cruises, Inc., Carnival Cruise Lines, Inc., Kloster Cruise, Ltd., and Royal Caribbean Cruises, Ltd. [the cruise lines] seeking to recover monies representing the commission on the difference between the amount of money the cruise lines collected from their passengers for "port charges" and the amount that the cruise lines actually paid to port authorities for use of port facilities. NGL claimed that the cruise lines passed through to their passengers falsely inflated port charges far exceeding the actual port charges. A purpose of this scheme, asserted NGL, was to deprive NGL and other travel agencies of a part of their full commission, which was payable by the cruise lines on the amount of passenger fare minus the amount of port charges.[1]
NGL sued for breach of implied contract, negligent concealment, unjust enrichment and common law fraud, seeking damages and restitution for itself and for all similarly situated travel agencies. The cruise lines moved for dismissal, which was granted without prejudice. NGL filed an amended complaint, in which it abandoned each of the claims alleged in the first complaint with the exception of unjust enrichment, and added three claims for relief pursuant to Florida's Deceptive and Unfair Trade Practices Act [the Act], section 501, et seq., Florida Statutes (1997). The cruise lines again moved to dismiss, the *674 trial court agreed, and dismissed the amended complaint with prejudice.
NGL asserted below, and here on appeal, that it has standing under the Act because it is a legitimate business enterprise acting as a "consumer" injured by the cruise lines' alleged deceptive practices and unfair acts. We conclude, however, that NGL is not protected by the Act as its actions were not that of a consumer, but rather those of a provider of services to the cruise lines. The parties agree that NGL provided the cruise lines with the service of booking passengers, for which service the cruise lines compensated NGL in the form of commissions on successful cruise sales. The purpose of the Act is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce."[2] [e.s.] § 501.201(2), Fla. Stat. (1999); see Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997)("by promulgating the Act, the Florida legislature has clearly intended as a matter of public policy, which it deems to be consistent with federal policy, to create a simplified statutory cause of action which bestows additional substantive remedies on the citizens of this state to recover economic damages related solely to a product or service purchased in a consumer transaction infected with unfair or deceptive trade practices or acts."); Oxford Encyclopedic English Dictionary 309 (3d ed.1996)(defining "consumer" as "a purchaser of goods and services").
After examining the structure and function of the transactions between the parties in the context of the Act as a whole, we must conclude that NGL and the other travel agencies are not, under these circumstances, consumers entitled to its protection.[3] This is not to say that the travel agencies may never avail themselves of its protections and remedies, but they cannot where they are the providers, not the purchasers, of the services. See Warren Technology, Inc. v. Hines Interests Ltd. Partnership, 733 So.2d 1146 (Fla. 3d DCA 1999)("While we agree that the plaintiff is a corporation and, therefore, could be a consumer ... the fact that it acted as the producer in the instant transaction precludes recovery."); see also Edward X. Clinton, Do Businesses Have Standing to Sue Under State Consumer Fraud Statutes?, 20 S. Ill. U.L.J. 385, 400 (1996)("Under statutes allowing any injured "person" to sue, a business may certainly make a consumer protection claim if it was acting as a consumer in a particular transaction.") Our conclusion necessarily puts to rest appellant's remaining claims under the Act.[4]
We also affirm the trial court's dismissal of NGL's unjust enrichment *675 claim because NGL failed to demonstrate that the cruise lines retained a benefit obtained from the travel agency without the cruise lines having paid for it.[5] Specifically, NGL failed to demonstrate how the port charges it claimed to be inflated and improperly collected would have otherwise been attributed to cruise fare, i.e., if the port charges were "deflated" the excess would not have been charged at all. In terms of the course of dealing between the parties, there is no dispute that NGL knew precisely what commission rate it would earn per cruise booking, that the commission paid was on the cruise fare exclusive of port charges, and the travel agency agreed to accept that amount as payment for the service provided. The travel agency received exactly what it bargained for. Unjust enrichment "cannot exist where payment has been made for the benefit conferred." Gene B. Glick Co. v. Sunshine Ready Concrete Co., 651 So.2d 190 (Fla. 4th DCA 1995).
We therefore affirm dismissal of the appellant's amended complaint.
Affirmed.
NOTES
[*] Chief Judge Schwartz did not hear oral argument, but participated in the decision.
[1] In Latman v. Costa Cruise Lines, N.V., 758 So.2d 699 (Fla. 3d DCA 2000), this court held that a passenger may assert a claim for overcharges on port charges.
[2] "`Trade or Commerce' means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. `Trade or commerce' shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." § 501.203(8), Fla. Stat. (1999).
[3] It continues to be true that "[t]here is a surprising dearth of case law illuminating the scope of the Florida fair trade law." Packaging Corp. Int'l. v. Travenol Laboratories, Inc., 566 F.Supp. 1480 (S.D.Fla.1983). That court and others have interpreted "consumer" as requiring a person or entity to be a purchaser of goods or services. See, e.g., Id. (where plaintiff corporation was the seller/supplier of goods and/or services, it could not be deemed to come within the purpose of Florida's "little FTC" Act; "the statute appears to be directed to entities that have been traditionally thought of as consumers, in situations traditionally thought of as consumer transactions."); see also City Check Cashing, Inc. v. Nat'l State Bank, 244 N.J.Super. 304, 582 A.2d 809 (1990)(plaintiff was not acting as a "consumer" in the transaction at issue so as to come within the State's consumer protection statute).
[4] NGL Travel also asserted claims for declaratory and injunctive relief under the Act.
[5] The elements of a cause of action for unjust enrichment are 1) plaintiff conferred a benefit on the defendant, who has knowledge of that benefit; 2) the defendant accepts and retains the conferred benefit; and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it. Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A., 667 So.2d 876 (Fla. 3d DCA 1996).