294 So.2d 14 (1974)
Marie W. SHARPE, a Single Woman, Appellant,
v.
HERMAN A. THOMAS, INC., a Florida Corporation, Appellee.
No. 73-548.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 20, 1974.
*15 Copland, Therrel, Baisden & Peterson and Howard A. Setlin, Miami Beach, for appellant.
Norman K. Schwarz, Miami Beach, for appellee.
Before CARROLL and HAVERFIELD, JJ., and MOORE, JOHN H., II, Associate Judge.
HAVERFIELD, Judge.
Defendant-appellant seeks review of an adverse judgment awarding plaintiff $94,739.99 in an action to foreclose a mechanic's lien.
*16 Plaintiff corporation entered into a standard A.I.A. contract with the defendant on October 15, 1964 whereby the plaintiff, as general contractor, was to construct a residence for the defendant as owner of certain real property on Miami Beach, Dade County, Florida. In accordance with the staggered payments set forth in the contract, defendant was obligated to pay the plaintiff the sum of $125,000 on or prior to December 1, 1964. Any additional sums due pursuant to said contract were to be paid five days after the date of completion. Thereupon, plaintiff obtained a building permit and began to construct the residence. However, construction thereon was halted at the request of defendant in order that the plaintiff could perform other tasks for the defendant including construction of a highrise project owned by the defendant. Instead of the anticipated four months, construction of the residence finally was completed two years later on October 21, 1966. During the period prior to completion of the residence, the record reflects that defendant tendered several payments to the plaintiff, but Mr. Thomas, president of plaintiff corporation, returned a large portion thereof as construction was yet to be completed. Subsequent to completion the plaintiff made demand for payment, but the defendant failed and refused to pay. Plaintiff then filed his complaint to foreclose a mechanic's lien for services in construction of the residence and for certain extras. Defendant filed an answer and counterclaim alleging that plaintiff had performed in a poor and unworkmanlike manner. A trial was held on the counterclaim at the conclusion of which the jury entered a verdict for the sum of $20,000 in favor of the defendant. The plaintiff's foreclosure action was tried non-jury and the trial court entered final judgment in favor of the plaintiff for the sum of $94,739.99 based upon the following findings:
"5. The defendant paid the sum of $51,000.00 upon said contract price of $125,000.00, leaving a balance due and owing to the plaintiff of $74,000.00, together with interest on said balance from December 1, 1964 to date, at the lawful rate of 6% per annum, being the sum of $36,445.00, making a total of $110,445.00, due and owing by defendant to plaintiff on this date.
"6. At the request of the defendant, the plaintiff provided extras totaling $8,096.00, diminished by credits to the defendant of $4,978.00, leaving a further sum due to the plaintiff by the defendant of $3,118.00, together with interest at the lawful rate of 6% per annum from October 26, 1966 to date, in the sum of $1,176.99, for a total sum of $4,294.99

"7. There is accordingly due to the plaintiff, to date, from the defendant the total sum of $114,739.99, being the composite total of paragraphs 5 and 6 supra.
"8. Pursuant to the verdict of the jury rendered on Count I of the counterclaim in favor of the counterclaimant in the sum of $20,000.00 (which verdict was predicated upon an instruction by the Court to include interest in its assessment of any damages), such jury verdict should be and is properly an offset against the sums hereinabove due to the plaintiff by the defendant, and thus reduces said sums to the amount of $94,739.99."
In addition, the court reserved jurisdiction to hear testimony and enter judgment against the defendant and in favor of the plaintiff for the assessment of reasonable attorneys' fees as well as costs. Defendant-appellant appealed and plaintiff-appellee cross-appealed therefrom.
Appellant first contends that the trial judge erred in finding that plaintiff is entitled to interest on the sum of $74,000 from December 1, 1964. We find merit in this contention.
The time for performance of a written contract may be extended by parol and a contract may be varied by parol as to *17 its true date of execution and of delivery and its consideration. See 7 Fla.Jur. Contracts § 170 (1956) and cases cited therein. Turning to the case sub judice, it is undisputed that plaintiff agreed to halt construction of the residence at the request of the defendant and to construct a highrise project for her. In addition, plaintiff's president testified that he tendered back to the defendant a portion of the progress payments made on the residence as construction thereof at the time had not been completed. Hence, we find the parties by their dealings with one another had modified the time for performance of the contract in question and, therefore, it was error for the trial judge to have found that the $74,000 balance together with interest was due and owing to plaintiff as of December 1, 1964 rather than the actual date of completion on October 21, 1966. Thus, we must reverse this part of the judgment and remand with directions to amend paragraph 5 to read that $74,000 is due and owing plaintiff together with interest on said balance from October 21, 1966 and to alter the remainder thereof and the total judgment accordingly.
Appellant's second contention is that the court below erred in finding plaintiff is entitled to interest on the sum of $3,118 awarded for extras. We cannot agree.
It is well established in ex contractu actions as in the case sub judice, that upon final determination that a debt is due, the party to whom the debt is owing is entitled to not only the payment of principal, but interest as well. See 18A Fla.Jur. Interest § 6 (1971).
Lastly, appellant argues that it was error for the trial judge to have retained jurisdiction to tax costs and reasonable attorney's fees against her without having reserved the same against plaintiff as she prevailed on her counterclaim.
The court in the instant case properly has reserved jurisdiction to tax costs and attorney's fees against the defendant as the court in its judgment combined the claim and counterclaim and can consider as a set-off the assessment of costs and attorney's fees against the plaintiff-appellee. After the court has considered this issue, appellant, if dissatisfied, may petition this court to review the judgment. See FAR 3.16, subd. d and FAR 4.2, subd. a, 32 F.S.A. Thus, this argument of appellant must fail.
On cross-appeal, cross-appellant plaintiff first contends that the trial court erred in granting defendant's request for jury instructions #1 and #3. We disagree.
The record reflects that plaintiff did not object to instruction #1 and thereby has waived any objection thereto. As to instruction #3, we find that the trial court was correct in granting defendant-counterclaimant's request that the jury be charged that if it should find counterclaimant is entitled to recover on her counterclaim, then it should allow the counterclaimant interest at the rate of 6% per annum on the amount due her. See 8 Fla. Jur. Counterclaim § 50 (1956).
The remaining points argued by cross-appellant have been considered carefully, but no reversible error has been found.
Accordingly, the judgment herein appealed is affirmed in part, reversed in part and remanded with directions.
Affirmed in part, reversed in part and remanded with directions.