400 So.2d 1235 (1981)
BERT SMITH OLDSMOBILE, INC., Appellant,
v.
Willie B. FRANKLIN, Appellee.
No. 80-616.
District Court of Appeal of Florida, Second District.
May 27, 1981.
Rehearing Denied July 27, 1981.
William C. Frye, Michael C. Addison and Anne Y. Swing of Trenan, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellant.
Ernest P. Jenkins of Jenkins, Fischer & Brook and Jere M. Fishback, St. Petersburg, for appellee.
SCHEB, Chief Judge.
Bert Smith Oldsmobile, Inc., challenges a judgment entered on a jury verdict awarding Willie B. Franklin damages for breach of implied warranties in the sale of a used car. We affirm.
*1236 On May 11, 1978, Franklin signed a retail order to purchase a 1976 Oldsmobile 98 from Bert Smith. The order included an express warranty for thirty days or one thousand miles. It also contained three provisions on the back relating to implied warranties. On May 16 Franklin signed a security agreement-retail installment contract and picked up the car. A local financial institution acquired the security agreement.
According to Franklin, a Bert Smith salesman represented to her that Bert Smith would make needed repairs to the car. Additionally, Franklin stated that when she asked whether the vehicle had ever been in an accident, the salesman assured her that it had been a Bert Smith rental car and had never been involved in an accident. In fact, Bert Smith had purchased the car from a wholesaler that had acquired it when its former owner traded it. The former owner testified that the car had been involved in two accidents. Although the salesman denied making the alleged misrepresentations, the jury apparently accepted Franklin's testimony.
Within four days of picking up the car, Franklin began experiencing problems with it and returned to Bert Smith for repairs on numerous occasions. Bert Smith's records indicated that Franklin had come in several times and that it had performed needed repairs and services on the car. Franklin contended, however, that the car was never properly repaired.
She stopped making payments on the retail installment contract, and the bank which held the security agreement filed suit against her. She, in turn brought a third-party complaint against Bert Smith seeking, in addition to other relief,[1] compensatory and punitive damages for alleged violations of the Florida Deceptive and Unfair Trade Practices Act, section 501.201 et seq., Florida Statutes (1979).
The trial court denied Bert Smith's motion to dismiss the third-party complaint, and at trial denied its motion for a directed verdict. The jury returned a verdict in favor of the bank which held Franklin's security agreement but awarded Franklin $7,000 in compensatory and $14,000 in punitive damages on her third-party complaint against Bert Smith. Bert Smith appeals the denials of its motions to dismiss and for a directed verdict.
We find that only Bert Smith's arguments on implied warranties merit discussion. It argues that Franklin's third-party complaint did not properly allege a breach of implied warranties of fitness or merchantability and that even if it did, no implied warranties accompanied the car since its retail order incorporated an effective disclaimer.
First, we note that implied warranties of merchantability and fitness accompanied the sale of the used car to Franklin. §§ 672.314-.315, Fla. Stat. (1979); Knipp v. Weinbaum, 351 So.2d 1081 (Fla.3d DCA 1977). We conclude that Franklin's complaint did allege a breach of these implied warranties.
Franklin properly filed her complaint under section 501.211(2) of the Deceptive and Unfair Trade Practices Act since her purchase of the automobile constituted a "consumer transaction" under section 501.203(1) of the Act. She alleged that Bert Smith had violated various rules proposed by the Florida Department of Legal Affairs and approved by the Governor and Cabinet including rule 2-19.05(7), which states, "It shall be an unfair or deceptive act or practice for a motor vehicle dealer to ... [f]ail to honor his expressed warranty agreement or any warranties implied by law ..." (emphasis added).
The Deceptive and Unfair Trade Practices Act provides for the promulgation of rules by the Department and the Governor and Cabinet "prohibit[ing] with specificity *1237 acts or practices that violate this [Act]." § 501.205, id. It also provides that violation of a rule is a violation of the Act and subjects the violator to civil liability. §§ 501.203(5),.211(2), id. Consequently, Franklin properly alleged a breach of implied warranties. This result is consistent with the policy of the Act, frequently referred to as Florida's "Little F.T.C." Act, which was enacted "[t]o protect consumers from suppliers who commit deceptive and unfair trade practices" and which must be liberally construed. § 501.202, id.
Second, assuming that Franklin alleged a breach of implied warranties, Bert Smith argues that it effectively disclaimed any implied warranties in its retail order. The Uniform Commercial Code provides that to exclude an implied warranty of merchantability, a writing must be conspicuous and must mention merchantability. To exclude an implied warranty of fitness, the exclusion must be in writing and conspicuous. U.C.C. § 2-316; § 672.316, Fla. Stat. (1979). Thus, even if the retail order contained disclaimers, they had to be conspicuous to be effective.
Bert Smith contends that the trial court erred in allowing the jury to determine whether the alleged disclaimers were conspicuous. We agree. Section 671.201(10) states that, "Whether a term or clause is conspicuous or not is for decision by the court." Nevertheless, Bert Smith did not object when the trial court instructed the jury on the question. Consequently, it waived any objection to the error. J.A. Cantor Associates, Inc. v. Blume, 106 So.2d 603 (Fla.3d DCA 1958). Accord, Sharpe v. Herman A. Thomas, Inc., 294 So.2d 14 (Fla.3d DCA 1974).
Even if Bert Smith had objected, however, the court's error would have been harmless since the alleged disclaimers were ineffective. The retail order contained three provisions on its back discussing implied warranties. These, Bert Smith contends, effectively disclaimed any implied warranties. We reject the first of these provisions, paragraph 9, as a disclaimer because it referred only to new vehicles.[2] The second of these purported disclaimers, paragraph 10, did apply to the sale of used vehicles.[3] It was inconspicuous, however, having been printed in the same size and style of type and included among the myriad other provisions on the back of the retail order form. See Rehurek v. Chrysler Credit Corp., 262 So.2d 452 (Fla.2d DCA 1972); Orange Motors of Coral Gables, Inc. v. Dade County Dairies, Inc., 258 So.2d 319 (Fla.3d DCA 1972).
Finally, Bert Smith relies on paragraph 13 of the retail order which stated, "Any implied warranty of fitness or merchantability created herein, in fact or in law, shall be so limited as to the duration of the expressed limited warranty stated herein." While this paragraph was in bold type and all-capitals and was the last provision on the back of the contract, it was not a disclaimer. Rather, it limited any implied warranty to the duration of the express warranty prominently displayed on the face of the retail order. Further, the breach of implied warranties occurred within the limitation period.
There was substantial competent evidence of breach of warranties to support the jury's award of compensatory damages and sufficient evidence of fraud to sustain the award of punitive damages.
*1238 Franklin received an award of $2,500 as attorney's fees for the services of her attorneys at trial under section 501.2105, Florida Statutes (1979), which provides for attorney's fees for the prevailing party "[i]n any civil litigation resulting from a consumer transaction involving a violation of [the Florida Deceptive and Unfair Trade Practices Act]... ." We also grant her motion for a reasonable fee for her counsel's services on this appeal under section 501.2105. We direct the trial court to determine and award Franklin a reasonable fee.
Affirmed and remanded.
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] The court granted Bert Smith's motion for a directed verdict on one count of Franklin's complaint seeking rescission of contract. The jury returned a verdict in favor of Bert Smith on another count seeking damages for alleged violations of the Federal Truth-In-Lending Act, 15 United States Code, sections 1601, 1640 (Supp. 1979).
[2] Paragraph 9 provided:

Any warranties on the products sold hereby are those made by the manufacturer. The seller, hereby, expressly disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.
[3] Paragraph 10 provided:

Any used motor vehicle sold to Purchaser by Dealer under this Order is sold at the time of delivery by Dealer without any guarantee or warranty, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, as to its condition or the condition of any part thereof except as may be otherwise specifically provided in writing on the face of this Order or in a separate writing furnished to Purchaser by Dealer.