No. 86-170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

LARRY LEE DILLREE and BARBARA
ANN DILLREE,

Plaintiffs and Appellants,

-vs-

CLAYTON E. DEVOE,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Byron W. Boggs, Missoula, Montana

For Respondent:

David Rodli, Missoula, Montana

Submitted on Briefs: May 30, 1986

Decided: August 21, 1986

Filed: AUG 21 1986

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Dillrees appeal the decision of the District Court for Missoula County declaring certain transactions between the parties to be sales rather than loans and awarding Mr. Devoe property and attorney fees. We affirm.

The issues are:

1. Did the trial court err in concluding that the transactions were sales rather than secured loans, and in doing so did it fail to apply the principles of Murray v. Butte-Monitor Tunnel Mining Co. (1910), 41 Mont. 449, 110 P. 497?

2. Did the trial court err in holding that the transactions at issue were not usurious secured loans of money?

3. Did the trial court err in holding that the Montana Consumer Loan Act does not apply to the transactions?

4. Did the trial court err in awarding attorney fees to Mr. Devoe?

In this case, the parties presented directly contradictory evidence in a trial to the District Court, sitting without a jury. The court entered extensive findings and conclusions. It found that the Dillrees had been self-employed in the logging business since 1969. They had owned a number of skidders, tractors, trucks, loaders and vehicles and had obtained financing from six banks and three credit and acceptance corporations. In many of these, equipment or vehicles had served as collateral. As a businessman for 16 years Larry Dillree knew that titled property is not held in the name of a lender during the repayment period, that bills of sale on untitled equipment are not provided to a lender, and that a borrower need not obtain reconveyance. He was

2

aware that the function of a bill of sale is to convey ownership and that one executes a Montana certificate of title only when selling or transferring ownership of motor vehicles. Barbara Dillree demonstrated knowledge of the same facts.

In the fall of 1984 the Dillrees were in financial distress and attempted to secure loans from several banks, but were turned down. Larry Dillree approached Mr. Devoe, to whom the Dillrees had several years before sold a contract for deed on some real estate. Mr. Devoe purchases contracts in seven western states, but was not in the business of loaning money.

The court found that Larry Dillree initially requested a loan. Mr. Devoe refused the loan, stating he was not in the business of loaning money. After being told that Mr. Devoe was in the business of buying property, Mr. Dillree suggested he would sell certain property if he could be assured of the opportunity of buying it back. It was agreed that two items of property, a 1979 double-wide mobile home and a 30-foot boat, would be purchased for $5,000. It was also agreed that the Dillrees would retain possession of the property.

After Larry Dillree had taken the titles and a written "Lease-Rental Agreement" home overnight, he and Barbara Dillree executed the lease-rental agreement. Prior to receiving the $5,000, Mr. Dillree provided Mr. Devoe the necessary lien releases and accompanied Mr. Devoe to the county courthouse to transfer the titles to the mobile home and boat. The parties intended that in six months the Dillrees could pay Mr. Devoe $6,000 and receive back title to the mobile home and the boat.

3

In December 1984 Larry Dillree requested another $2,000 from Mr. Devoe. A second agreement was reached in which Mr. Devoe took title to a 1968 White truck tractor with log loader and a 1978 Trapper travel trailer. The agreement called for a payment of $2,200 in one month's time. It was also memorialized in a written "Lease-Rental Agreement."

Neither of the obligations were paid in a timely fashion. The Dillrees were unable to make any payments except for $1,500. In May 1985, Mr. Devoe demanded they surrender all four pieces of property. None of the property, with the exception of the mobile home, had been kept in Ovando as required in the written agreements. At the time of trial, Mr. Devoe did not know the whereabouts of the travel trailer or the truck tractor. The Dillrees filed a complaint and petition for temporary restraining order alleging fraud, usury, breach of good faith and fair dealing, and outrageous conduct. A hearing was held, and the District Court concluded that the parties entered into valid contracts by which property was sold to Clayton DeVoe subject to an intended repurchase provision not actually reduced to writing. The court concluded that the subject transactions were not fraudulently arranged, were not loans of money by Clayton Devoe, and were not usurious transactions.

The District Court entered judgment in favor of Mr. Devoe and awarded him the immediate right to possession of the mobile home, the boat, the travel trailer and the White truck tractor.

I

Did the trial court err in concluding that the transactions were sales rather than secured loans, and in doing so did it fail to properly apply the principles of Murray v.

4

Butte-Monitor Tunnel Mining Co. (1910), 41 Mont. 449, 110 P. 497?

The Dillrees argue that these transactions were not sales. They point out that this Court has listed four factors which, if present, tend to confirm the view that a transaction is a security arrangement or a mortgage and not a sale. The four factors are: 1) the transaction in its inception had for its purpose a loan, not a sale; 2) the grantor was in financial distress at the time of the transaction; 3) the price appears to have been grossly inadequate; and 4) according to the grantee's own theory, the transaction did not amount to an absolute sale, but to a conditional sale, that is, a sale with an option to repurchase. Bermes v. Sylling (1978), 179 Mont. 448, 458, 587 P.2d 377, 383, citing Murray v. Butte-Monitor Tunnel Mining Co. (1910), 41 Mont. 449, 110 P. 497. The Dillrees' position is that these four factors are present in this case, and that the District Court's judgment should be reversed.

We initially point out that in both the Murray and the Bermes cases, this Court upheld the trial court's findings of fact that the questioned transactions were loans and that the four factors were present. Here, the fact-finder did not conclude that the transactions were loans. The parties agree that factors (2) and (4) were present. It is undisputed that the Dillrees were in financial distress, and Mr. Devoe characterized the transactions as sales with options to repurchase. However, it is not agreed that factors (1) and (3) were present, and the District Court did not find that all four factors were present. Our standard of review of findings of fact is whether the District Court's findings are

5

clearly erroneous. Lacey v. Herndon (Mont. 1983), 668 P.2d 251, 255, 40 St.Rep. 1375, 1380.

The District Court's finding which goes to factor (1), the purpose of the transaction, was:

> Just prior to October 15, 1984, Larry Dillree contacted Clayton Devoe's business, initially speaking on the telephone to Mr. Devoe's son, Charles, to request a loan for the purpose of preparing his business equipment for sale in the Spring. Mr. Devoe refused to loan Mr. Dillree the money, stating that Mr. Devoe was not in the business of loaning money. The refusal was in keeping with Mr Devoe's normal business practice, though he regularly is asked for loans of money. After being told by Mr. Devoe that he was in the business of buying property, Mr. Dillree suggested that he would sell certain property to Mr. Devoe if he could be assured of the opportunity of buying it back at the expiration of six months. Mr. Devoe agreed . . .

Mr. Devoe's testimony supported the above finding of fact. He testified that he conveyed to Mr. Dillree that he "did not loan money ever," and that it was Mr. Dillree who brought up the idea of a sale of some of the Dillrees' property with a right of repurchase. We conclude there is substantial evidence that the transactions did not in their inception have for their purposes loans.

The values of the mobile home, boat, truck tractor, and travel trailer were disputed, and the Dillrees claim factor (3) was present because their values far exceeded the amount of money received from Mr. Devoe. The adequacy of consideration is tested by the conditions existing at the time of the transaction. Boysun v. Boysun (1962), 140 Mont. 85, 89, 368 P.2d 439, 441. A Missoula mobile home dealer testified that the value of the mobile home, which would have to be moved from Ovando on a repossessed, cash basis sale, would not significantly exceed $5,000. The boat had its flooring out and, according to Mr. Devoe, had little if any value. We

6

conclude that there was substantial evidence to support the District Court's finding that $5,000 would not significantly exceed the actual value of the mobile home and that "the boat in its present condition would be difficult to sell at any price."

Mr. Devoe testified at the time of trial that he had not located either the truck tractor or the travel trailer. He testified that based on his knowledge of automobiles in general, he was suspicious of placing any value on the unseen truck tractor. He estimated the value of the travel trailer at $2,000. It is true that the Dillrees presented testimony of higher values for both the truck tractor and the travel trailer. However, we conclude that there was substantial evidence to support the finding that Clayton Devoe reasonably assumed "that any sale price that might be had if he took possession of [the truck tractor and travel trailer] would not significantly exceed $2,200."

We conclude that the District Court did not err in failing to find that the four factors listed in Murray were present.

II

Did the trial court err in holding that the transactions at issue were not usurious secured loans of money?

The trial court concluded that "[t]he subject transactions were not loans of money by Clayton Devoe and were not usurious transactions." The Dillrees cite the principle from Bermes, 587 P.2d at 383, that a transaction which resolves itself into a secured transaction will be treated as a mortgage, whatever name is given it by the parties. The instant case differs from Bermes in that it involves personal, not real, property. In Bermes, the Court went on to discuss

7

tests which indicate whether a deed should be treated as a secured transaction. The first test cited in Bermes is the four-factor test discussed under issue one. We have held that the District Court properly concluded that test was not met. We conclude that the District Court did not clearly err, because under the four-factor test, these transactions do not resolve themselves into secured transactions.

The Dillrees next argue that these transactions meet the definition of loans under § 31-1-101, MCA:

> Loan of money--what constitutes. A loan of money is a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrowed. A loan for mere use is governed by the law on loan for use.

The contracts as described in Mr. Devoe's testimony, which was relied upon by the District Court, were sales of property with the opportunity for the Dillrees to repurchase it. They do not fit the above definition.

The Dillrees also contend that these transactions amounted to secured transactions under § 30-1-201(37), MCA: "[a]n agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security." That statement describes the title of the written agreement combined with the oral understanding that the Dillrees would regain title to the property upon payment of the "lease" amounts. But the parties agree that the written agreement does not accurately reflect their contract. The identification of the agreement as a "lease agreement" is clearly inaccurate. It is more accurately described as a sale with right of repurchase.

8

Since we have concluded the District Court properly found that the transactions were not loans, we need not consider the contention that the transactions were usurious loans.

### III

Did the trial court err in holding that the Montana Consumer Loan Act does not apply to the transactions?

We have upheld the trial court's conclusion that no loans were made. The Montana Consumer Loan Act, Title 32, Chapter 5, MCA, applies to persons engaged in the business of making loans of money. We need not address this issue further. We affirm the trial court.

### IV

Did the trial court err in awarding attorney fees to Mr. Devoe?

The Dillrees' complaint alleged violations of the Montana Unfair Trade Practices and Consumer Protection Act, § 30-14-101, et seq., MCA. Section 30-14-133(3), MCA states that, "In any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action." The District Court concluded that "[t]he provisions of the Montana Unfair Trade Practices and Consumer Protection Act do not apply to the subject matter of this action" and that "[p]ursuant to the provisions of the Montana Unfair Trade Practices and Consumer Protection Act, Defendant is entitled to his reasonable attorney's fees for defending the action . . ." The Dillrees argue that attorney fees should not be awarded to Mr. Devoe because he did not prevail on the main issue in controversy and because the court concluded the Act did not apply. Mr. Devoe prevailed on the counts of

9

fraud, usury, breach of good faith and fair dealing, and outrageous conduct. His title in the property was affirmed. We conclude that Mr. Devoe is the prevailing party in this action which was <u>brought</u> under the Unfair Trade Practices and Consumer Protection Act, and that the District Court properly awarded him reasonable attorney fees.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

10