Hugh **DEADWYLER**, et al., Plaintiffs,

v.

**VOLKSWAGEN OF AMERICA, INC., and Volkswagenwerk, AG, Defendants.**

No. ST–C–85–38.

United States District Court, W.D. North Carolina, Statesville Division.

Aug. 30, 1990.

---

10. Paragraph 39 of plaintiff's complaint, *supra*, refers to some additional statutory provisions.

**1148**

Charles R. Watkins, Jack L. Block, Sachnoff & Weaver, Chicago, Ill., Norman B. Smith, Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, Greensboro, N.C., Beverly C. Moore, Jr., Moore & Brown, Washington, D.C., B. Ervin Brown, II, Moore & Brown, Winston–Salem, N.C., Carl Shoolman, Shoolman Law Firm, P.C., Rochester, N.Y., for plaintiffs.

Bynum M. Hunter, Catherine C. Eagles, Smith Helms Mulliss & Moore, of counsel, Greensboro, N.C. for Volkswagenwerk, AG.

William F. Womble, Jr., Womble Carlyle Sandridge & Rice, of counsel, Winston–Salem, N.C., Daniel V. Gsovski, Herzfeld & Rubin, P.C., of counsel, New York City, for Volkswagen of America, Inc.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Senior District Judge.

THIS MATTER is before the Court upon the Defendants' motion for attorney fees under state laws authorizing or mandating the award of fees to prevailing parties. The Court calendared and heard arguments of counsel on the motion in Statesville, North Carolina on July 30, 1990, and upon due consideration of the motion, pleadings, file, briefs, affidavits, arguments and the opinion and order of remand of the Court of Appeals for the Fourth Circuit now enters its findings and conclusions.

The Plaintiffs brought this nationwide class action against Volkswagen of America, Inc., and Volkswagenwerk, AG (collectively "Volkswagen") seeking damages for an alleged breach of warranty of merchantability under the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act of 1975, 15 U.S.C.A. Section 2301, et seq., "and for unfair or deceptive acts or practices under state laws similar to Section 5 of the Federal Trade Commission Act (e.g. N.C. General Statutes Section 75–1.-1)." The Plaintiffs claimed that Volkswagen installed defective value stem seals in the engines of gasoline powered Volkswagen Rabbit automobiles for model years 1976 to 1979, and sought to recover monetary losses due to "excessive oil consumption, consequent major or catastrophic engine damage, and/or diminished resale market value."

The case went to trial on June 1, 1987 before Judge McMillan and a jury in Charlotte, North Carolina resulting in a jury verdict for Volkswagen. Upon appeal the Court of Appeals for the Fourth Circuit affirmed the judgment for Volkswagen and remanded "with instructions to the district court to hear Volkswagen's requests for attorneys' fees or sanctions."

Volkswagen seeks the award of attorney fees in the total amount of $73,283.20 under the laws of the states of Alaska, Colorado, Florida, Hawaii, Illinois, Indiana, Kentucky, Mississippi, Missouri and Montana contending that all of these states "authorize or mandate an award of attor-

ney's fees to a prevailing party in either a breach of warranty action or a 'Little FTC Act' action, or both." Volkswagen alleges the amount requested "represents attorney's fees and disbursements incurred by defendants in retaining local counsel in each of these states to advise trial counsel on the law of their respective jurisdictions and to prepare reports and jury instructions with respect to the breach of implied warranty and/or 'Little FTC Act' claims made by plaintiffs under the laws of those jurisdictions."

The Plaintiffs in their amended complaint asserted implied warranty and/or deceptive practices claims on behalf of purchasers of 1975–1979 Volkswagen Rabbits in most states and the District of Columbia. At footnotes 2 through 4 at pages 7–12 of their amended complaint, the Plaintiffs invoked what they referred to as "Little FTC Acts" of the District of Columbia and numerous states, including those involved in this motion.

Early in 1987, as trial approached, Volkswagen retained counsel in all relevant states outside of North Carolina, in order to obtain their advice on the applicable law of those jurisdictions and to prepare proposed jury instructions for implied warranty claims or "Little FTC Act" claims, or both, under the laws of those jurisdictions. Volkswagen contends that this work of local counsel was essential to the defense of this action and that based upon the research and reports of these local counsel its trial counsel prepared motions for summary judgment and supporting memoranda. In addition, trial counsel was able to submit to the Court proposed jury instructions under the laws of all 48 jurisdictions included in the Revised Class Action Order and in accordance with the provisions of the pretrial order.

Volkswagen contends that attorney fees for prevailing Defendants are expressly authorized or mandated, with respect to either or both the breach of implied warranty or the "Little FTC Act" claims in each of the states which are the subject of this motion, and that these states' laws govern the determination of this issue in this Court.

The Plaintiffs contend that the "fee claims are all entirely without merit and frivolous—to the extent that they may file their own motion for sanctions and attorneys fees under Rule 11 and 28 U.S.C.A. Section 1927 with respect to these claims." Specifically, the Plaintiffs contend that the fees sought by Volkswagen for prevailing on the implied warranty claims under statutes of the states of Hawaii, Alaska and Florida are federal claims "governed by the Magnuson–Moss Act, 15 U.S.C.A. Section 2310(d)(2), which provides for the recovery of attorney fees only by 'a consumer [who] finally prevails,' not by a successful defendant."

The Plaintiffs further contend that the fees sought for prevailing on the "Little FTC Act" deceptive practice claims should be divided into two groups—the first group consisting of those statutes in Alaska, Colorado, Illinois, Indiana, Kentucky, Missouri and Montana which provide that a court "may" award reasonable attorney fees to a prevailing party. They contend that the rule in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) applies to this group and where the prevailing party is the defendant it is an abuse of discretion to allow fees unless "the plaintiffs' action was frivolous, unreasonable, or without foundation." The second group consists of the statutes under "Little FTC Acts" in Florida and Mississippi providing that a court "shall" award the prevailing party reasonable attorney fees. Plaintiffs contend that these fees were totally useless and unnecessary. Specifically, they allege "[t]hat time billed ... by local Mississippi and Florida counsel ... was not reasonably related to defendants' prevailing efforts and therefore cannot be shifted to plaintiffs."

For the purposes of discussion and decision of these issues, the Court will divide the claims into two categories—those claims based on implied warranties and those based on the "Little FTC Acts." The Plaintiffs' contention that Volkswagen is seeking fees for prevailing on the implied

warranty claims under not only Alaska and Hawaii law, but also Florida law appears to be in error. See Volkswagen's brief filed February 15, 1990 setting forth that the Florida fees are sought under the "Little FTC Act."

■ In addition to contending that the fees expended by Volkswagen for local counsel in *Alaska* and *Hawaii* were unnecessary and unreasonable the Plaintiffs challenge these fees on the ground of federal preemption. The Plaintiffs refer to their implied warranty claims as "federal" causes of action under the Magnuson–Moss Act and cites the Act's express authorization for attorney fees for prevailing plaintiffs, 15 U.S.C.A. Section 2310(d)(2) as support for their contention that the silence of this provision on the subject of fee awards to defendants should be read to preempt, *sub silentio,* any state law providing for fees. The Plaintiffs cite and rely upon the case of *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1006 (D.C.Cir.1986) for support of this contention.

It appears to the Court that the *Walsh* case does not support the Plaintiffs' position on this issue. In fact, it appears to say that not a single determinative aspect of state implied warranty law has been federalized by the Magnuson–Moss Act:

> ... [W]e think is beyond genuine dispute that, as to both implied and written warranties, Congress intended the application of state law, except as expressly modified by Magnuson–Moss, in section 110(d) breach of warranty actions.

*Walsh, supra,* 807 F.2d at 1013–1014. The Plaintiffs seek to rely on the case for the proposition that "[s]tate law does not apply, however, where it is 'otherwise prescribed with particularity in Magnuson–Moss itself.'" The full text of the relevant passage, a part of which is relied upon by the Plaintiffs, reads:

> ... There is nothing obscure about the interplay [between state implied warranty law and federal standards] Congress ordered: state law creates the warranty and also governs its dimensions, except as otherwise prescribed with particularity in Magnuson–Moss itself. *The Feder-*

> *al prescriptions apply as written; where the Act states no prescription, state law continues in force.* (emphasis added)

807 F.2d 1014.

The Plaintiffs' contention is at odds not only with the specific passage on which they purport to rely, but with the entire view expressed in *Walsh* of the relationship of the Act with existing state law. The *Walsh* court was of the opinion that Congress did not intend to replace state law except in those instances, where it explicitly said so. This is clearly contained in the following general observation:

> ... [I]f Congress intended displacement of state law, beyond the Act's explicit prescriptions, one would expect to find a clear statement to that effect. Particularly in an area traditionally in the state's domain, such as sales law, the likelihood is that the national legislature, when it intervenes, and does not say otherwise, opts for the little rather than the much.

*Id.* at 1016.

This view is in accord with the holdings of the Supreme Court on the issue of preemption of state law. In *California v. ARC America Corp.,* 490 U.S. 93, 109 S.Ct. 1661, 1665, 104 L.Ed.2d 86 (1989), Justice White speaking for the Court stated:

> When Congress legislates in a field traditionally occupied by the States, "we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Given the long history of state common-law and statutory remedies against monopolies and unfair business practices, it is plain that this is an area traditionally regulated by the States." (citations omitted)

The Court concludes that the Plaintiffs' preemption argument fails and since the federal act contains no prescription against the assessment of attorney fees to a prevailing defendant state law would continue in force. The Court therefore concludes

that the state laws of the ten states in question here will determine the attorney fee issue not only on the claims advanced under the "Little FTC Acts" but on the implied warranty claims as well. The Court must now begin the laborious task of determining this issue under the statutes and decisions of the ten states involved.

Only two of the ten states involved have "Little FTC Act" statutes which provide that a court "shall" award the prevailing party "reasonable" attorney fees. These states are Florida and Mississippi and the Court will act upon the claims for these two states first.

### State of Florida

■ The Plaintiffs invoked Florida Statutes Section 501.204, which defines violations of the Florida Deceptive and Unfair Trade Practices Act (Fla.Stats. § 501.201, et seq.). Florida Statutes Section 501.2105, entitled Attorney's fees, reads in pertinent part:

> (1) In any civil litigation resulting from a consumer transaction involving a violation of this part, ... the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
>
> (2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings and appeals to the trial judge, who presided over the civil case.
>
> (3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

In this case the Plaintiffs have in effect admitted facts which render the entire Florida related defense attorney fees chargeable against them under this statute. Plaintiffs' Opposition to Defendants' Motion to Dismiss Count II, of the complaint, dated March 5, 1986 (D.E. 231), at page 13, asserts that under Florida law, "breach of an implied warranty of merchantability is also a deceptive act or practice," citing *Bert Smith Oldsmobile, Inc. v. Franklin,* 400 So.2d 1235 (Fla.App.1981). Thus, the defense of Plaintiffs' claims under the Florida Act was, under Plaintiffs' own view of the law, inextricably intertwined with the defense of the breach of implied warranty claims under Florida law. Under the cases interpreting § 501.2105, Volkswagen is entitled to all of its costs related to the defense of both the implied warranty and deceptive trade practices claims made by Plaintiffs under Florida law.

The affidavit of Volkswagen's Florida counsel details the attorney fees incurred in this case totalling $14,378.00. The Plaintiffs offered no evidence on the question of the reasonableness of the hours and rates charged by the attorneys in Florida but merely say and contend that the services were not necessary to the defense of their claims. The Plaintiffs brought their action under the provisions of the Florida statute and are bound by its terms. They could not expect Volkswagen to stand by without making an effort to determine the law of Florida and to have prepared legal briefs and court instructions on the various legal issue which might arise under the statute.

The statute mandates attorney fees and costs to the prevailing party and the Court must abide by it. It may very well be the fees are excessive but the attorney in Florida followed the statute, filed the affidavit certifying the hours and rate and Volkswagen paid the bill. Without some showing of unreasonableness for the work done the Court must approve the claim as submitted.

### State of Mississippi

■ The Plaintiffs in their complaint invoked the provisions of Miss.Code Ann. § 75-24-5, Mississippi's "Little FTC Act" as the basis for their right to recover damages for the wrongs committed in that state. Section 75-24-15(2) of that Act *mandates* an award of reasonable attorney fees to a prevailing party in the following language:

> In any action or counterclaim under this section of this chapter, the prevail-

ing party shall recover in addition to any other relief that may be provided in this section a reasonable attorney's fee.

The Supreme Court of the State of Mississippi in construing the Act in *Deer Creek Construction Co. v. Peterson*, 412 So.2d 1169, 1174 (Miss.1982) held:

> Any party who charges fraud under section 75–24–5 does so at the risk of having attorney's fees assessed against him if that charge is successfully defended on any ground by the opposing party, and it is immaterial that recovery is had on other counts of a declaration. *Of course, the allowable attorney's fees would only be the amount of attorney's fees reasonably incurred during the litigation for successfully defending that count of the declaration.* (emphasis added)

Volkswagen hired local counsel in Mississippi to prepare briefs and jury instructions on both phases of the Plaintiffs' case but in obedience to the holding in the *Deer Creek* case claims only that part of the attorney's fees and expenses incurred under the state's "Little FTC Act," amounting to a total of $1,281.11.

The Court concludes that the Mississippi statute mandates the assessment of reasonable attorney's fees under the facts of this case and finds the claim to be reasonable and will order it paid.

### State of Alaska

■ Under Alaska Statute 9.60.010 and Rule 82 of Alaska Civil Rules, the prevailing party in a civil action is allowed attorney fees. Where the judgment is for the defense and the court cannot base the award of fees on a percentage of the judgment, the fees to be allowed to the defendant as the prevailing party are governed by Rule 82(a)(2) of the Alaska Civil Rules. This rule states:

> In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

In addition to the application of Alaska Statute 9.60.010 and Alaska Civil Rule 82 which allow attorney's fees generally to the prevailing party in a civil action, Alaska law specifically provides for an award of actual costs and attorney's fees for defense of an action brought "for unfair or deceptive acts or practices as alleged in the plaintiffs' complaint." Alaska Statute 45.-50.531(g) states:

> If the Court finds for the defendant in an action under this Section, it may award the defendant an amount equal to the actual costs and attorney's fees the defendant incurred in the defense.

Since this specific statute uses the word "may" it allows some degree of discretion on the part of the Court. The attorney in Alaska who performed the legal work for Volkswagen in this case states that the practice is for the Court to determine whether the action could be termed "frivolous" in nature. As will appear later in these findings this Court cannot find the Plaintiffs' action to be "frivolous, unreasonable or without foundation" but on the basis of another section of Alaska's "Little FTC Act" the action should not have included Alaskan claimants. Alaska Statutes 45.50.531(b) provides that before a class action under the Unfair or Deceptive Acts or Practices Act can be filed the complaint shall first be submitted to the Attorney General for his approval. This was not done and in the opinion of the Alaska counsel the action as to Alaskan claimants was subject to dismissal.

In view of these statutes, Rule 82, the decisions and practices in Alaska and the failure of the Plaintiffs to comply with the specific statute dealing with class actions the Court finds the act of including Alaskan claimants in this action to be frivolous and will allow Volkswagen as the prevailing party to recover for the attorney fees spent in Alaska.

The affidavit of the attorney hired in Alaska certifies the number of hours spent in performing these legal duties and set forth his hourly rate for a total figure of $12,571.50. Again, this figure may very well be excessive but the Plaintiffs have

offered nothing to contest the hourly rate or the hours spent but merely make the general contention that the work of local counsel in Alaska as in the other states was not necessary in defense of the litigation. Under the facts of this case the Court finds and concludes that the services were necessary and without some evidence to the contrary the Court must find the amount reasonable. The Court therefore concludes, in its discretion, that Volkswagen should recover these attorney fees paid to the attorney in Alaska.

### State of Hawaii

■ Hawaii Revised Statutes (HRS) Section 607–14 reads in part as follows:

> In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, a fee which the court determines to be reasonable ...

The fees are limited according to a schedule set forth in the statute. An action for breach of warranty is an action in the nature of assumpsit to which the provisions of Section 607–14 are applicable. See *Schulz v. Honsador, Inc.,* 67 Haw. 433, 690 P.2d 279 (1984).

Volkswagen filed with the Court in support of its motion the affidavit of Hawaii counsel, Glenn K. Sato in which he sets forth in detail the legal services performed and disbursements made by the law firm of Fujiyama, Duffy & Fujiyama in this case. The total of the fees and disbursements is $18,576.39. Mr. Sato states that approximately two-thirds of counsel's work was performed on the breach of warranty claim and the remaining one-third on the unfair and deceptive trade practices claim under HRS Section 480–2. In addition the sum of $225.00 was incurred for the preparation of the affidavit. Volkswagen therefore seeks under HRS Section 607–14 an award of $12,384.26 representing two-thirds of the legal fees plus $225.00 for the affidavit for a total of $12,609.26. The Plaintiffs made no showing that the rates used and the hours spent on the legal work were excessive or improper except the general objections that the entire effort made by Volkswagen in employing local counsel was unnecessary and a waste of money.

Again, while the rates and the entire bill might seem excessive to the Court it is the burden of the Plaintiffs to offer some evidence as to the unreasonableness of the claim. Volkswagen hired the firm and paid the bill and the only evidence before the Court is that the claim is necessary and reasonable. The Court concludes as a matter of law that it was necessary for Volkswagen to obtain legal services in each state in which the Plaintiffs advanced claims. In addition on the showing made by Volkswagen the Court must find the fees reasonable.

On the basis of the mandatory provisions of the statute itself and the interpretation of the statute by the Supreme Court of Hawaii the Court finds and concludes that the claim for attorney fees for the work in Hawaii must be allowed.

### State of Montana

■ The Plaintiffs asserted in their complaint claims for breach of implied warranties as well as claim under Mont.Code Ann. Section 30–14–101, et seq., the "Montana Unfair Trade Practices and Consumer Protection Act of 1973," pertaining to all the claims arising in the State of Montana. Section 30–14–133(3) of the Montana "Little FTC Act" reads:

> In an action brought under this section, the Court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action.

In the recent case of *Dillree v. Devoe,* 223 Mont. 47, 724 P.2d 171, 175–176 (1986) the Montana Supreme Court in deciding whether the trial court erred in awarding attorney fees to the defendant stated:

> The Dillrees' complaint alleged violations of the Montana Unfair Trade Practices and Consumer Protection Act, § 30–14–101, et seq., MCA. Section 30–14–133(3), MCA states that, "In any action brought under this section, the court may award the prevailing party reason-

able attorney fees incurred in prosecuting or defending the action." The District Court concluded that "[t]he provisions of the Montana Unfair Trade Practices and Consumer Protection Act do not apply to the subject matter of this action" and that "[p]ursuant to the provisions of the Montana Unfair Trade Practices and Consumer Protection Act, Defendant is entitled to his reasonable attorney's fees for defending the action ..." The Dillrees argue that attorney fees should not be awarded to Mr. Devoe because he did not prevail on the main issue in controversy and because the court concluded the Act did not apply. Mr. Devoe prevailed on the counts of fraud, usury, breach of good faith and fair dealing, and outrageous conduct. His title in the property was affirmed. We conclude that Mr. Devoe is the prevailing party in this action which was brought under the Unfair Trade Practices and Consumer Protection Act, and that the District Court properly awarded him reasonable attorney fees.

The wording of the statute and the *Dillree* decision lead this Court to conclude that if the Plaintiffs had brought their claims in state court in Montana under the state's "Little FTC Act" resulting in an adverse jury verdict Volkswagen would have been entitled to reasonable attorney fees. Thus the Court concludes in its discretion that this claim should be allowed.

Montana counsel certified by way of affidavit that one-third of the total bill was attributed to the legal services and expenses in connection with the claims asserted under Mont.Code Ann. Section 30–14–133(3) for a claim of $1,511.11. The Court finds the services rendered to be necessary and reasonable and will approve this claim.

### States of Colorado, Illinois, Indiana, Kentucky and Missouri

Since these five states have similar provisions in their "Little FTC Acts" and there have been no court decisions construing the provision brought to the attention of the Court and no showing of the usual practice in the state the Court will consider and decide the claims together.

The statutory provisions are as follows:

### Colorado

Colo.Rev.Stats. Section 6–1–113 which was in effect at the time these claims arose reads in pertinent part:

The Court may award attorneys' fees to the prevailing party.

### Illinois

Ill.Rev.Stat. Ch. 121–½, Section 270a(c) reads in pertinent part:

In an action brought by a person under this Section, the court may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

### Indiana

Indiana Code Section 24–5–0.5–4(b) reads in pertinent part:

The court may award reasonable attorney fees to the party that prevails in a class action under this subsection, provided that such fee shall be determined by the amount of time reasonably expended by the attorney, and not by the amount of the judgment, although the contingency of the fee may be considered.

### Kentucky

The Kentucky Consumer Protection Act, KRS 367.220(3) provides:

In any action brought by a person under this section, the court may award to the prevailing party, in addition to the relief provided in the section, reasonable attorney's fees and costs.

### Missouri

Revised Statutes of Mo. Section 407.025.1 reads in pertinent part:

The Court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

Volkswagen says and contends that the applicable statutes of each of these states authorize an award of attorney fees to a prevailing defendant and that none of the statutes contain any requirement that a court must find the plaintiffs' claims to be frivolous or without merit before making such an award. The Plaintiffs on the other hand contend that the term "may" instead of "shall" suggests, at the least, that fees awards to prevailing defendants are not automatic and that there must be some substantial reason, such as the weakness of the plaintiffs' claims, to justify an exercise of discretion to award such fees.

Justice White writing for the Court in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975) stated that:

> In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. We are asked to fashion a far-reaching exception to this "American Rule"; but having considered its origin and development, we are convinced that it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burden of litigation in the manner and to the extent urged by respondents and approved by the Court of Appeals.
>
> At common law, costs were not allowed; but for centuries in England there has been statutory authorization to award costs, including attorneys' fees. Although the matter is in the discretion of the court, counsel fees are regularly allowed to the prevailing party.

Since this decision the Congress and the various state legislatures have enacted many statutes on the subject. Some of these statutes make fee awards mandatory for prevailing plaintiffs while others make them mandatory to the prevailing party. But many of the statutes authorize the award of attorney fees to either the plaintiff or the defendant in the discretion of the trial court. Section 706(k) of Title VII of the Civil Rights Act of 1964 is an example of the last category of statutes where the trial court may in its discretion award attorney fees to the prevailing party.

But then the Supreme Court comes along in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), and tells us we must "measure their corn in different half-bushel measures." If the plaintiff prevails the award is almost automatic but if the defendant prevails he may not be awarded his attorney fees "unless a court finds that his (plaintiff) claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." The bad faith feature is not new for it was recognized under the American common law rule that attorney fees may be assessed against a party who has acted in bad faith.

The *Christiansburg* case does not apply to or determine this state law question but it shows the trend of our jurisprudence on this legal issue and sheds some light on how trial judges should exercise their discretion.

Volkswagen seems to contend that under these state statutes the Court should in effect adopt the English system and regularly award attorney fees to the prevailing party while the Plaintiffs contend the Court should follow *Christiansburg* and refuse to award fees except upon a finding that the claims were frivolous, unreasonable and without foundation. Both contentions are flawed.

The Court must assume the legislative bodies of the states involved meant exactly what the statutes say, that is, the Court may award a reasonable attorney fee to the prevailing party. This is legislative authority to the judges to exercise discretion. Had the law makers of these states wanted fees allowed automatically they could have done as some states and entered the word "shall" instead of "may" or if they had wanted to follow *Christiansburg* they have had twelve years to do so. (The Court

might add that Colorado has done so effective in 1987.)

The Court in obedience to the command of these various state law making bodies has exercised its discretion in each instance. The Court has not and cannot find the Plaintiffs' action to be frivolous, unreasonable or without foundation. This Court was not the trial judge but has based this conclusion on the examination of the file, the arguments of counsel, the denial by the trial judge of motions filed by the Defendants to dismiss, for summary judgment, directed verdict and the proceedings brought by the Federal Trade Commission.

The Court has carefully examined each statute of the states involved, the court decisions construing the statutes and the practice in each state as to allowance of fees under similar circumstances. In short the Court has attempted to do what would have been done had the action been brought in the state court and the defendants prevailed.

In the absence of any court decision or other substantial showing prevailing defendants are allowed attorney fees in similar cases the Court must exercise its discretion and deny the claims for attorney fees for legal services rendered in the States of Colorado, Illinois, Indiana, Kentucky and Missouri. An order denying these claims will be entered.

The Court will enter a judgment for the Defendants in the sum of $42,350.98, representing the amounts approved on the claims for attorney fees in the States of Florida, Mississippi, Alaska, Hawaii and Montana.